IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CIVIL ACTION NO. 10-1772 |
|---|---|---|
| v. | : | |
| MARCEL HARPER | : | CRIMINAL ACTION NO. 05-170-02 |

## MEMORANDUM

Padova, J.                                                                                                                                             December 17, 2010

Before the Court is Marcel Harper's *pro se* Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Motion is denied.

## I.    BACKGROUND

On March 12, 2007, Harper was convicted by a jury of conspiracy to commit armed bank robbery in violation of 18 U.S.C. § 371 (Count I); armed bank robbery, and aiding and abetting armed bank robbery, of the Artisans Bank in Wilmington, Delaware on April 14, 2004, in violation of 18 U.S.C. §§ 2113(d) and 2 (Count II); use and carrying, and aiding and abetting the use and carrying, of a firearm in connection with a crime of violence on April 14, 2004, in violation of 18 U.S.C. §§ 924(c) and 2 (Count III); armed bank robbery, and aiding and abetting armed bank robbery, of the Citizens Bank in Brookhaven, Pennsylvania on June 15, 2004, in violation of 18 U.S.C. §§ 2113(d) and 2 (Count IV); and use and carrying, and aiding and abetting the use and carrying, of a firearm in connection with a crime of violence on June 15, 2004, in violation of 18 U.S.C. §§ 924(c) and 2 (Count V).

On August 2, 2007, Harper filed post-verdict motions seeking judgment of acquittal or a new trial on all counts pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure. He filed a memorandum of law in support of his motion on August 21, 2007. Harper argued that he was

entitled to judgment of acquittal or a new trial on three grounds: 1) no reasonable jury could have convicted him of the Citizens Bank robbery; 2) the Government failed to prove that the Artisans Bank and Citizens Bank were federally insured institutions at the time of the robberies; and 3) the jury's verdict was based on perjured testimony of FBI Special Agent Vito Roselli. Harper also argued that he was entitled to a new trial because the Court erred by failing to give a special jury instruction regarding the testimony of cooperating witness Ronald Muir after the jury asked that Muir's testimony be re-read. We denied the Motion in a Memorandum and Order dated October 23, 2007.

Harper was sentenced on November 14, 2007 to a sentence of imprisonment of 40 months on each of Counts I, II and IV, to be served concurrently; 84 months of imprisonment on Count III, to be served consecutively; and 300 months on Count V, to be served consecutively. Harper was also sentenced to three years of supervised release on Count I and five years of supervised release on each of Counts II through V, to be served concurrently following his release from imprisonment; and to pay a special assessment of $500.00 and restitution in the amount of $99,089.75. Harper appealed his judgment of conviction and sentence to the United States Court of Appeals for the Third Circuit on November 21, 2007.

Harper raised six issues on appeal: 1) the trial court erred by failing to dismiss the Indictment based on the fact that Special Agent Roselli presented perjured testimony to the grand jury and erred again by failing to strike that testimony at trial; 2) the trial court erred by refusing to grant his post-verdict motion for acquittal based on the insufficiency of the evidence connecting him to conspiracy and to the Citizens Bank robbery; 3) the evidence at trial was insufficient to support his conviction for use and carrying, and aiding and abetting the use and carrying, of a firearm in connection with the Citizens Bank robbery; 4) the evidence at trial was insufficient to establish that both the Artisans

Bank and the Citizens Bank were federally insured at the time of the robberies; 5) the trial court erred by failing to give a special jury instruction in connection with the re-reading of the testimony of Ronald Muir; and 6) the sentence imposed was unreasonable. The Third Circuit rejected all of Harper's arguments and affirmed his judgment of conviction and sentence on December 3, 2008. See United States v. Harper, 314 F. App'x 478 (3d Cir. 2008).

Harper's Motion to Vacate, Set Aside or Correct Sentence raises four grounds for relief: (1) Harper's 5-year sentence on Count III and 25-year sentence on Count V are not authorized by 18 U.S.C. § 924; (2) Harper's 25-year sentence on Count V violates the Fifth Amendment; (3) Counts IV and V should be dismissed because Special Agent Roselli's perjured grand jury testimony violated Harper's Fifth Amendment rights; and (4) Special Agent Roselli's conduct at trial violated Harper's Fifth and Sixth Amendment rights.

## II.　LEGAL STANDARD

Defendant has moved for relief pursuant to 18 U.S.C. § 2255, which provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). "'Section 2255 does not provide habeas petitioners with a panacea for all alleged trial or sentencing errors.'" United States v. Perkins, Crim. A. No. 03-303, Civ. A. No. 07-3371, 2008 WL 399336, at *1 (E.D. Pa. Feb. 14, 2008) (quoting United States v. Rishell, Crim. A. No. 97-294-1, Civ. A. No. 01-486, 2002 WL 4638, at *1 (E.D. Pa. Dec. 21, 2001)). In order to

3

prevail on a Section 2255 motion, the movant's claimed errors of law must be constitutional, jurisdictional, "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428 (1962).

### III. DISCUSSION

#### A. Harper's Sentence for Counts III and V

Harper was sentenced in accordance with the mandatory minimum terms of imprisonment provided for Counts III and V by 18 U.S.C. § 924(c). The mandatory minimum term of imprisonment for Count III was seven years pursuant to § 924(c)(1)(A)(ii), which provides that the punishment for the use or carrying of a firearm in connection with a crime of violence or a drug trafficking crime is seven years, "if the firearm is brandished." 18 U.S.C. § 924(c)(1)(A)(ii). The mandatory minimum term of imprisonment for Count V was 25 years pursuant to § 924(c)(1)(C), which provides that, "[i]n the case of a second or subsequent conviction under this subsection, the person shall – (i) be sentenced to a term of imprisonment of not less than 25 years . . . ." 18 U.S.C. § 924(c)(1)(C). Harper challenges the legality of his sentence on Counts III and V. He argues that his sentence on Counts III and V is not authorized by the "except" clause of 18 U.S.C. § 924(c)(1)(A).[1] He also argues that his 25 year sentence of imprisonment with respect to Count V violates his Fifth Amendment right to indictment by a grand jury because Count V of Indictment No. 05-170 did not specifically charge him with having a previous conviction for violation of 18 U.S.C. §924(c). Harper

---

[1] The "except" clause appears in the preface to 18 U.S.C. § 924(c)(1)(A). "Under that clause, a minimum term of five years shall be imposed as a consecutive sentence '[e]xcept to the extent that a greater minimum sentence is otherwise provided by [§ 924(c) itself] or by any other provision of law.'" Abbott v. United States, 131 S. Ct. 18, 22 (2010) (quoting 18 U.S.C. § 924(c)(1)(A)).

4

did not raise either of these arguments on direct appeal.

"Because collateral review under § 2255 is not a substitute for direct review, a movant ordinarily may only raise claims in a 2255 motion that he raised on direct review." Hodge v. United States, 554 F.3d 372, 378-79 (3d Cir. 2009) (citing Bousley v. United States, 523 U.S. 614, 621 (1998)). This means that a movant "has procedurally defaulted all claims that he neglected to raise on direct appeal."[2] Id. at 379 (citing Bousley, 523 U.S. at 621). However, the movant may raise his or her claims in a motion brought pursuant to § 2255 "if he can prove either that he is actually innocent of the crime for which he was convicted, or that there is a valid cause for the default, as well as prejudice resulting from the default." Id. (citing Bousley, 523 U.S. at 622).

Harper does not now contend that he is actually innocent of the crimes for which he was convicted in this case, nor has he asserted any cause for his failure to assert these grounds for relief on direct appeal. We therefore conclude that these two grounds for relief are procedurally defaulted, and we deny Harper's Motion to Vacate, Set Aside or Correct Sentence insofar as he argues that his sentences for Counts III and V are illegal.

B. Special Agent Roselli's Grand Jury Testimony

Harper argues that we should dismiss Counts IV and V, which charged him with the armed robbery of the Citizens Bank and the use and carrying of firearms during that robbery, because his Fifth Amendment rights to procedural due process and indictment by a grand jury were violated when Special Agent Roselli lied to the grand jury that indicted him. Harper maintains that Special Agent

---

[2]The procedural default rule does not apply to claims of ineffective assistance of counsel that are made for the first time on collateral review. See United States v. Mershon, Crim. A. No. 06-329-1, Civ. A. No. 10-1861, 2010 WL 4104665, at *3 (E.D. Pa. Oct. 19, 2010) ("There is no procedural default for failure to raise ineffective-assistance claims on direct appeal." (citing United States v. Sanchez-Mercedes, Crim. A. No. 06-115-1, 2009 WL 4117361, at*3 (E.D. Pa. Nov. 24, 2009))).

Roselli perjured himself when he told the grand jury that Harper received a "large share" of the proceeds of the Citizens Bank robbery.

This same grand jury testimony was the subject of Harper's pre-trial "Motion to Dismiss Indictment for Perjury/Abuse of the Grand Jury and Prosecutorial Misconduct." (Docket No. 165.) Special Agent Roselli testified before the grand jury on September 29, 2005, that Harper received a large share of the proceeds of the Citizens Bank robbery. (See 1/17/07 N.T. at 49.) At a hearing on the Motion to Dismiss, Special Agent Roselli admitted that he knew, at the time of his grand jury testimony, that although a large share of the proceeds had initially been set aside for Harper by his co-conspirator Burnie Tindale, Tindale ultimately gave him only a few hundred dollars. (1/17/07 N.T. at 53-54.) There was also evidence presented during the hearing that, on September 22, 2005, prior to Special Agent Roselli's grand jury testimony, Tindale testified before the grand jury that he had set aside a "cut" of the proceeds of the Citizens Bank robbery for Harper, but that another co-conspirator had taken the money and "pocketed it himself" and that he (Tindale) had later given Harper a few hundred dollars. (1/17/07 N.T. at 89-90.) We denied Harper's Motion to Dismiss Indictment because there was no evidence that the Government was aware that Special Agent Roselli's testimony was incorrect and because Harper was not prejudiced by this testimony. (1/22/07 Order-Memorandum at 3-4.)

During Harper's trial, Harper's attorney extensively cross-examined Special Agent Roselli regarding his September 29, 2005 grand jury testimony. (3/8/07 N.T. at 244-55.) Special Agent Roselli testified during this cross-examination that his grand jury testimony was incorrect with respect to whether Harper received a large share of the proceeds of the Citizens Bank robbery. (Id. at 245, 249.)

On direct appeal, the Third Circuit found that there was sufficient evidence for the jury to convict Harper of Counts IV and V. See Harper, 314 F. App'x at 480-81. Consequently, even if Special Agent Roselli lied to the grand jury regarding Harper's share of the proceeds of the Citizens Bank robbery, the jury's guilty verdict "cured any defect in the grand jury proceeding and rendered any misconduct harmless." United States v. Muhammad, 336 F. App'x 188, 193 (3d Cir. 2009) (citing United States v. Console, 13 F.3d 641, 672 (3d Cir. 1993)). As the Supreme Court explained in United States v. Mechanik, 475 U.S. 66 (1986), even where prosecutorial misconduct may have affected the grand jury's decision to indict certain defendants:

> the petit jury's subsequent guilty verdict means not only that there was probable cause to believe that the defendants were guilty as charged, but also that they are in fact guilty as charged beyond a reasonable doubt. Measured by the petit jury's verdict, then, any error in the grand jury proceeding connected with the charging decision was harmless beyond a reasonable doubt.

Id. at 70 (footnote omitted). We therefore deny Harper's Motion to Vacate, Set Aside or Correct Sentence insofar as he argues that Counts IV and V should be dismissed because Special Agent Roselli's grand jury testimony was perjured.

  C.  Special Agent Roselli's Conduct at Trial

Harper argues that Special Agent Roselli's conduct during his trial violated his Sixth Amendment right to a trial by an impartial jury and Fifth Amendment due process right to a fair trial. Harper contends that Special Agent Roselli made improper comments and hand gestures in front of the jury during the testimony of prosecution witness Jeryle Sowell (these improper comments and hand gestures do not appear in the transcript of Harper's trial). Harper maintains that Special Agent Roselli's comments and hand gestures contradicted and discredited Sowell's testimony. Harper

contends that the jurors may have been influenced by Special Agent Roselli's comments and hand gestures during their deliberations.

Harper did not assert this argument on direct appeal. As we have already noted, Harper does not contend, in the instant § 2255 Motion, that he is actually innocent of the crimes for which he was convicted in this case. Moreover, Harper has not stated any cause for his failure to assert this ground for relief on direct appeal. We conclude, accordingly, that this ground for relief is procedurally defaulted. See Hodge, 554 F.3d at 379. Harper's Motion to Vacate, Set Aside or Correct Sentence is, therefore, denied insofar as he argues that Special Agent Roselli's conduct at trial violated his rights to a fair trial before an impartial jury pursuant to the Fifth and Sixth Amendments.

## IV. CONCLUSION

For the foregoing reasons, Harper's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is denied in its entirety. We conclude that Harper has failed to make a substantial showing of the denial of a constitutional right, and, consequently, that there is no basis for the issuance of a certificate of appealability. An appropriate order follows.

BY THE COURT:

/s/ John R. Padova

John R. Padova, J.