IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIVIL ACTION NO. 10-1772 |
| v. | : | |
| MARCEL HARPER | : | CRIMINAL ACTION NO. 05-170-02 |

**MEMORANDUM**

Padova, J.                                                                                                     June 24, 2011

Before the Court is Defendant Marcel Harper's *pro se* Motion to Alter or Amend Judgment, in which Harper seeks reconsideration of our December 17, 2010 Order denying his Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. For the following reasons, the Motion is denied.

**I.     BACKGROUND**

On March 12, 2007, Harper was convicted by a jury of conspiracy to commit armed bank robbery in violation of 18 U.S.C. § 371 (Count I); armed bank robbery, and aiding and abetting armed bank robbery, of the Artisans Bank in Wilmington, Delaware on April 14, 2004, in violation of 18 U.S.C. §§ 2113(d) and 2 (Count II); use and carrying, and aiding and abetting the use and carrying, of a firearm in connection with a crime of violence on April 14, 2004, in violation of 18 U.S.C. §§ 924(c)(1) and 2 (Count III); armed bank robbery, and aiding and abetting armed bank robbery, of the Citizens Bank in Brookhaven, Pennsylvania on June 15, 2004, in violation of 18 U.S.C. §§ 2113(d) and 2 (Count IV); and use and carrying, and aiding and abetting the use and carrying, of a firearm in connection with a crime of violence on June 15, 2004, in violation of 18 U.S.C. §§ 924(c)(1) and 2 (Count V).

Harper was sentenced on November 14, 2007 to a term of imprisonment of 40 months on each

of Counts I, II and IV, to be served concurrently; 84 months (seven years) of imprisonment on Count III, to be served consecutively; and 300 months (25 years) of imprisonment on Count V, to be served consecutively. The seven and twenty-five year terms on Counts III and V were mandatory minimum terms of imprisonment provided by 18 U.S.C. § 924(c). The mandatory minimum term of imprisonment for Count III is found in § 924(c)(1)(A)(ii), which provides that the punishment for the use or carrying of a firearm in connection with a crime of violence or a drug trafficking crime is a term of imprisonment of not less than seven years, "if the firearm is brandished." 18 U.S.C. § 924(c)(1)(A)(ii). The mandatory minimum term of imprisonment for Count V is found in § 924(c)(1)(C), which provides that, "[i]n the case of a second or subsequent conviction under this subsection, the person shall -- (i) be sentenced to a term of imprisonment of not less than 25 years." 18 U.S.C. § 924(c)(1)(C). Harper appealed his judgment of conviction and sentence to the United States Court of Appeals for the Third Circuit on November 15, 2007. The Third Circuit rejected all of Harper's arguments and affirmed his judgment of conviction and sentence on December 3, 2008. See United States v. Harper, 314 F. App'x 478 (3d Cir. 2008).

On April 22, 2010, Harper filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, raising four grounds for relief: (1) his 7-year sentence on Count III and 25-year sentence on Count V are not authorized by 18 U.S.C. § 924; (2) his 25-year sentence on Count V violates the Fifth Amendment; (3) Counts IV and V should be dismissed because FBI Special Agent Roselli's perjured grand jury testimony violated his Fifth Amendment rights; and (4) Special Agent Roselli's conduct at trial violated his Fifth and Sixth Amendment rights. About two weeks later, on May 6, 2010, Harper filed a motion asking that we hold his § 2255 Motion in abeyance until after the Supreme Court decided two cases, United States v. O'Brien, No. 08-1569, cert. granted, 130 S. Ct.

49 (Sept. 30, 2009), and Abbott v. United States, No. 09-479, cert. granted, 130 S. Ct. 1284 (Jan. 25, 2010). We granted that motion on May 11, 2010, ordering that the § 2255 Motion be held in abeyance until the Supreme Court either decided or vacated its order granting certiorari in both cases. (May 11, 2010 Order.) Our May 11, 2010 Order also stated that Harper could "file a supplemental memorandum of law addressing the Supreme Court's decisions in the above referenced cases within thirty (30) days of the latter decision." (Id.) The Supreme Court decided O'Brien on May 24, 2010, and Abbott on November 15, 2010. See United States v. O'Brien, 130 S. Ct. 2169 (2010), and Abbott v. United States, 131 S. Ct. 18 (2010). Harper filed a supplemental memorandum addressing O'Brien on August 18, 2010. We waited for thirty days after the Supreme Court issued its decision in Abbott before deciding Harper's § 2255 Motion, but Harper did not file a supplemental memorandum addressing that decision. On December 17, 2010, we denied the § 2255 Motion, concluding, inter alia, Harper had procedurally defaulted his first, second and fourth grounds for relief.[1]

## II. LEGAL STANDARD

Harper asks us to reconsider our decision denying his § 2255 Motion pursuant to Federal Rule of Civil Procedure 59(e). "The purpose of a motion for reconsideration is 'to correct manifest errors of law or fact or to present newly discovered evidence.'" Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). "A proper Rule 59(e) motion therefore must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Id. (citing N. River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218

---

[1]We denied Harper's third ground for relief on the merits. Harper does not state any basis, in the instant Motion to Alter or Amend Judgment, for reconsideration of our decision as to his third ground for relief.

3

(3d Cir. 1995)). Harper asks, in the instant Motion to Alter or Amend Judgment, that we revisit our decision denying the § 2255 Motion on the ground that we overlooked controlling decisions and material factual matters, and made clear errors of law.

## III. DISCUSSION

Harper contends that we should reconsider the December 17, 2010 Memorandum and Order denying his § 2255 Motion for four reasons: (1) we found two of his grounds for relief were procedurally defaulted even though he based these claims on Abbott v. United States, No. 09-479, and United States v. O'Brien, No. 08-1569, and those cases had not been decided when he filed his direct appeal; (2) we mistakenly found that two of his claims were procedurally defaulted even though he had made a claim of actual innocence; (3) we improperly found that three of his claims were procedurally defaulted even though he had made a claim of ineffective assistance of counsel; and (4) we ignored evidence and failed to hold an evidentiary hearing with respect to his claim that Special Agent Roselli made improper comments and hand gestures during his trial.

### A. The Abbott and O'Brien Decisions

Harper's § 2255 Motion asserted two challenges to the legality of his sentences on Counts III and V (the § 924(c) counts), which he contends should be governed by Abbott and O'Brien. First, Harper claimed that his sentences on Counts III and V were not authorized by the "except" clause of 18 U.S.C. § 924(c)(1)(A). Second, he argued that his sentence for Count V violated his Fifth Amendment right to indictment by a grand jury because Count V of Indictment No. 05-170 did not specifically charge him with having a previous conviction for violation of 18 U.S.C. §924(c). Ultimately, however, we did not address either Abbott or O'Brien in our December 17, 2010 Memorandum denying Harper's § 2255 Motion because we found that both these arguments had been

4

procedurally defaulted because Harper did not raise them on direct appeal.[2] Harper now argues that we erred by determining that he had procedurally defaulted his claims with respect to his sentences for Counts III and V, because he could not have raised Abbott and O'Brien on direct review.[3]

Where a defendant has failed to raise a claim on direct appeal, and has thus procedurally defaulted that claim, he may nevertheless raise the claim in a § 2255 motion if "he can prove either that he is actually innocent of the crime for which he was convicted, or that there is a valid cause for the default, as well as prejudice resulting from the default." Hodge v. United States, 554 F.3d 372, 379 (3d Cir. 2009) (citing Bousley v. United States, 523 U.S. 614, 622 (1998)). We address Harper's cause and prejudice argument first, and we address Harper's actual innocence claim below, in Section III.B. of this Memorandum.

We understand Harper to contend, in the instant Motion, that he had cause for his default of his grounds for relief with respect to his sentences on his § 924(c) convictions (Counts III and V), because those grounds rely on Abbott and O'Brien, which were issued after his direct appeal had

---

[2] "Because collateral review under § 2255 is not a substitute for direct review, a movant ordinarily may only raise claims in a 2255 motion that he raised on direct review. Put differently, a movant has procedurally defaulted all claims that he neglected to raise on direct appeal." Hodge v. United States, 554 F.3d 372, 378-79 (3d Cir. 2009) (citing Bousley v. United States, 523 U.S. 614, 621 (1998)).

[3] Harper also complains that we failed to hold his § 2255 Motion in abeyance, asserting that he "never had an opportunity to challenge his conviction and sentence as being inconsistent with [Abbott's and O'Brien's] 'new' interpretation of 18 U.S.C. § 924(c)." (Mot. at 2.) We reject this argument because we held our decision on Harper's § 2255 Motion in abeyance for a full thirty days after Abbott was decided, as we stated we would do in our May 11, 2010 Order. Harper filed a supplemental memorandum addressing the O'Brien decision and does not contend, in the instant Motion, that he was unaware of the Supreme Court's decision in Abbott prior to December 17, 2010, or that he was otherwise prevented from filing a supplemental memorandum addressing that decision. Consequently, there is no basis for his assertion that he did not have the "opportunity" to address these decisions.

5

concluded. Harper also maintains that he suffered prejudice as a result of our failure to consider the application of those decisions to his § 924(c) arguments. In order to establish prejudice, a petitioner must show that the alleged error "'worked to his *actual* and substantial disadvantage.'" Taylor v. United States, Crim. A. No. 05-359, 2010 WL 2553616, at *4 (E.D. Pa. June 22,2010) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)). After analyzing Abbott and O'Brien, we have concluded that neither decision supports Haper's asserted grounds for relief from his sentences for Counts III and V.

    1.    Abbott

Harper relies on Abbott in connection with his argument in his §2255 Motion that his consecutive seven-year sentence for Count III, imposed pursuant to 18 U.S.C. § 924(c)(1)(A)(ii), and consecutive 25-year sentence for Count V, imposed pursuant to 18 U.S.C. § 924(c)(1)(C)(i), constitute cumulative punishment that Congress did not authorize. According to Harper, he could not be simultaneously sentenced to mandatory minimum terms of imprisonment pursuant to both § 924(c)(1)(A)(ii) and § 924(c)(1)(C)(i), even where those terms of imprisonment were imposed for different offenses, because of a clause in § 924(c)(1)(A), which provides for a minimum consecutive term of five years for the crime of possessing a firearm in furtherance of a crime of violence "[e]xcept to the extent that a greater minimum sentence is otherwise provided by [§ 924(c) itself] or by any other provision of law." 18 U.S.C. § 924(c)(1)(A) (the "except" clause). The Supreme Court explained, in Abbott, that the purpose of the "except" clause is to prevent stacked sentences for a single offense of possessing a firearm in furtherance of a crime of violence. Abbott, 131 S. Ct. At 23. "For example, the mandatory minimum sentence for a § 924(c) offense is five years, but if the firearm is brandished, the minimum rises to seven years, and if the firearm is discharged, to ten

years." Id. (citing 18 U.S.C. § 924(c)(1)(A)(i), (ii), (iii)). If we were required to stack the sentences for each such offense, a defendant who possessed, brandished, and discharged a firearm in connection with a crime of violence would be subject to a 22-year mandatory minimum term of imprisonment. The "except" clause operates to prevent that result. Pursuant to the "except" clause, the mandatory minimum term of imprisonment for a defendant who "possessed, brandished, and discharged a gun . . . would be 10 years, not 22." Id. The "except" clause does not prevent a defendant from being sentenced to two separate mandatory minimum terms of imprisonment if he is convicted of two separate offenses under § 924(c). As the Supreme Court stated in Abbott, notwithstanding the "except" clause, a defendant who is "subject to a mandatory, consecutive sentence for a § 924(c) conviction . . . is not spared from that sentence by virtue of receiving a higher mandatory minimum on a **different** count of conviction." Id. at 23 (emphasis added).

The Supreme Court's analysis of the "except" clause in Abbott thus provides no support for Harper's argument that his consecutive sentences for Counts III and V, which charged two separate and distinct offenses, violated the "except" clause. We conclude, therefore, that Harper was not substantially prejudiced by our failure to analyze Abbott in connection with his § 2255 Motion. We further conclude that our determination, in the December 17, 2010 Memorandum, that Harper's "except" clause argument was procedurally defaulted, was not a clear error of law.

    2.    O'Brien

Harper relies on O'Brien in connection with his argument that his 25-year sentence as to Count V violated his Fifth Amendment right to indictment by a grand jury because Count V of Indictment No. 05-170 did not specifically charge him with having a previous conviction for violation of 18 U.S.C. §924(c). The Supreme Court explained in O'Brien that "[e]lements of a crime must be

7

charged in an indictment and proved to a jury beyond a reasonable doubt." O'Brien, 130 S. Ct. at 2174 (citing Hamling v. United States, 418 U.S. 87, 117 (1974)), and Jones v. United States, 526 U.S. 227, 232 (1999)). "Sentencing factors, on the other hand, can be proved to a judge at sentencing by a preponderance of the evidence." Id. (citing McMillan v. Pennsylvania, 477 U.S. 79, 91-92 (1986)). The issue, therefore, is whether recidivism is an element of the crime charged in Count V of the Indictment or a sentencing factor.

Harper relies on O'Brien to support his argument because the Supreme Court decided in O'Brien that a different subsection of § 924(c) stated an element of the offense. O'Brien was charged with use of a firearm in furtherance of a crime of violence, which carries a mandatory minimum term of imprisonment of five years pursuant to 18 U.S.C. § 924(c)(1)(A)(i) and use of a machinegun in furtherance of a crime of violence, which carries a mandatory minimum term of imprisonment of 30 years pursuant to 18 U.S.C. § 924(c)(1)(B)(ii). Id. at 2172-73. The Government moved to dismiss the machinegun charge before trial, but "maintained that the machinegun provision of § 924(c)(1)(B)(ii) was a sentencing factor, so that, if respondents were convicted of carrying a firearm under count three, the court could determine at sentencing that the particular firearm was a machinegun, thus activating the 30-year mandatory minimum." Id. at 2173. The district court dismissed the machinegun charge, but "ruled that the machinegun provision states an element of a crime. Thus, to invoke the 30-year minimum sentence, the Government was required to charge in the indictment, and then prove to the jury, that the [firearm used in the offense] was a machinegun." Id. at 2173-74. O'Brien pled guilty to the § 924(c)(1)(A)(i) charge and the Government appealed the district court's determination that the machinegun provision is an element of an offense rather than a sentencing factor. Id. at 2174. The United States Court of Appeals for the First Circuit affirmed,

and the Supreme Court granted certiorari. Id.

The Supreme Court analyzed the language and structure of § 924(c) and concluded that "[t]he machinegun provision in § 924(c)(1)(B)(ii) is an element of an offense." Id. at 2180. The Supreme Court did not, however, determine that every subsection of § 924(c) constitutes a separate element of an offense. Rather, the Supreme Court specifically addressed the recidivist provision, § 924(c)(1)(C)(i), and stated that it is a **sentencing factor**. Id. (stating that "the recidivist provisions in (C)(i) and (ii) . . . are typically sentencing factors") (citing Almendarez-Torres v. United States, 523 U.S. 224, 230 (1998)); see also Almendarez-Torres, 523 U.S. at 230 (noting that recidivism, which is defined as the "prior commission of a serious crime -- is as typical a sentencing factor as one might imagine" (citations omitted)). Consequently, the Supreme Court's holding in O'Brien that the machinegun provision of § 924(c) constitutes an element of the offense does not support Harper's argument that recidivism is an element of the offense charged in Count V, which must be charged in the indictment and proved to a jury beyond a reasonable doubt.

We conclude, therefore, that Harper was not substantially prejudiced by our failure to analyze O'Brien in connection with his § 2255 Motion. We further conclude that our determination, in the December 17, 2010 Memorandum, that Harper's argument that his 25-year sentence as to Count V violated his Fifth Amendment right to indictment by a grand jury was procedurally defaulted was not a clear error of law. The instant Motion for reconsideration is, therefore, denied as to Harper's argument that we committed a clear error of law, and overlooked controlling Supreme Court decisions by failing to consider Abbott and O'Brien.

    B.    <u>Actual Innocence</u>

Harper argues that we committed a clear error of law in concluding that he had procedurally

defaulted his claims regarding his sentences on Counts III and V because he is actually innocent of the crimes charged in Counts III and V of the Indictment. As we mentioned previously, "courts will exempt a movant from [the procedural default] rule if he can prove . . . that he is actually innocent of the crime for which he was convicted." Hodge, 554 F.3d at 379 (citing Bousley, 523 U.S. at 622). Harper contends that he is actually innocent of the crimes charged in Counts III and V of the Indictment because his sentence and/or conviction for those crimes was not authorized by Congress.

Actual innocence, however, "'means factual innocence, not mere legal insufficiency.'" United States v. Kenney, 391 F. App'x 169, 172 (3d Cir. 2010) (quoting Bousley v. United States, 523 U.S. at 623). In order to establish actual innocence, a petitioner must submit new evidence, not used at his trial, and "'persuade[ ] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Sweger v. Chesney, 294 F.3d 506, 522 (3d Cir. 2002) (alteration in original) (quoting Cristin v. Brennan, 281 F.3d 404, 420 (3d Cir. 2002)); see also id. at 523 ("The Supreme Court has required a petitioner 'to support his allegations of constitutional error with *new reliable evidence* -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.'" (quoting Schlup v. Delo, 513 U.S. 298, 324 (1995), and citing Cristin, 281 F.3d at 420). Harper has presented no new evidence of his factual innocence of the firearms offenses charged in Counts III and V (nor has he presented any new evidence of his factual innocence of any of his crimes of conviction). Since Harper has not established that he is actually innocent, he cannot take advantage of that exception to the procedural default rule and we reject his assertion that our December 17, 2010 decision that he had procedurally defaulted his claims regarding his sentences on Counts III and V was a clear error of law on the basis of that exception. The instant Motion is, therefore, denied as to

10

Harper's claim that he is actually innocent.

C. Ineffective Assistance of Counsel

Harper also argues that we committed a clear error of law in concluding that he had procedurally defaulted his claims regarding his sentences for Counts III and V and his claim regarding Agent Roselli's trial conduct, because he requested that all of his "claims be considered under ineffective-assistance-of-counsel." (Mot. at 2.) It is true that the procedural default rule does not apply to claims of ineffective assistance of counsel that are made for the first time on collateral review. See United States v. Mershon, Crim. A. No. 06-329-1, Civ. A. No. 10-1861, 2010 WL 4104665, at *3 (E.D. Pa. Oct. 19, 2010) ("There is no procedural default for failure to raise ineffective-assistance claims on direct appeal." (citing United States v. Sanchez-Mercedes, Crim. A. No. 06-115-1, 2009 WL 4117361, at *3 (E.D. Pa. Nov. 24, 2009))). However, Harper did not raise any cognizable claims of ineffective assistance of counsel in his § 2255 Motion and supporting Memorandum.

Harper referred to "ineffective assistance of counsel" only once in his § 2255 Motion. Harper was required, in Paragraph 13 of the § 2255 Motion, to briefly state why the grounds presented in the Motion were not previously presented. He responded "[c]laim[s] of ineffective assistance of counsel and correction of sentence are properly addressed in a Section 2255 motion[,] i.e., all claims should be considered under ineffective assistance of trial or appellate counsel." (§2255 Motion ¶ 13.) Harper did not, however, make any mention of ineffective assistance of counsel in his "Memorandum of Law in Support of Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence." (Docket No. 398.)

"'To establish ineffective assistance of counsel 'a defendant must show both deficient

11

performance by counsel and prejudice.'" Premo v. Moore, 131 S. Ct. 733, 739 (2011) (quoting Knowles v. Mirzayance, 129 S. Ct. 1411, 1419 (2009)). The Supreme Court has explained that the defendant:

> must show that counsel's representation fell below an objective standard of reasonableness. A court considering a claim of ineffective assistance must apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance. The challenger's burden is to show that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment.
>
> With respect to prejudice, a challenger must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. It is not enough to show that the errors had some conceivable effect on the outcome of the proceeding. Counsel's errors must be so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Harrington v. Richter, 131 S. Ct. 770, 787-88 (2011) (quotations omitted).

The Supreme Court has thus clearly stated that it is the defendant's burden to identify serious errors made by his counsel and to demonstrate the manner in which such errors affected the outcome of his trial and sentencing. It is not the Court's responsibility to comb through the record on the chance that it might identify some error, previously unrecognized by the defendant, that prejudiced the defendant. Harper has not identified any errors made by his attorney, nor has he demonstrated that any errors made by his attorney affected the outcome of his trial and sentencing. We conclude, accordingly, that he has failed to assert any cognizable claims of ineffective assistance of counsel in connection with his trial and sentencing. Consequently, we further conclude that our December 17, 2010 determination that Harper's claims regarding his sentences for Counts III and V and his claim regarding Agent Roselli's trial conduct were procedurally defaulted was not a clear error of law. The

12

instant Motion is therefore denied as to Harper's argument that we erred by holding that these claims were procedurally defaulted instead of considering them as ineffective assistance of counsel claims.

    D.    <u>Agent Roselli's Trial Conduct</u>

Harper argues that we committed a clear error of law, and ignored material evidence, with respect to his claim that Special Agent Roselli acted improperly during his trial and violated his Fifth and Sixth Amendment rights. Harper maintains that the transcript of his trial includes a record of Special Agent Roselli's improper conduct, and that we should have held an evidentiary hearing, during which his trial counsel could have testified as to Special Agent Roselli's actions. We concluded, in our December 17, 2011 Memorandum, that Harper's claim regarding Special Agent Roselli's trial conduct had been procedurally defaulted because Harper did not assert this argument on direct appeal. (12/17/2010 Mem. at 8.) As we have previously discussed, Harper's procedural default cannot be excused because of actual innocence. Harper has not asserted cause or prejudice for his default of his claim regarding Special Agent Roselli's trial conduct. Moreover, Harper has not identified any error of his attorney in connection with Special Agent Roselli's conduct, so we cannot review this claim under the rubric of "ineffective assistance of counsel." We do not consider the merits of claims that have been procedurally defaulted. <u>See</u> <u>United States v. Meza</u>, Crim. A. No. 02-173-06. Civ. A. No. 06-4393, 2007 WL 518582, at *1 (E.D. Pa. Feb. 12, 2007) ("The Court need not evaluate the merits of either of Petitioner's claims because they are procedurally defaulted."). Consequently, we did not err by failing to consider the merits of this claim, or by failing to hold an evidentiary hearing with respect to this claim. The instant Motion is therefore denied as to Harper's argument that we erred by failing to consider the merits of his claim regarding Special Agent Roselli's conduct at trial.

## IV. CONCLUSION

For the foregoing reasons, we deny Harper's Motion to Alter or Amend Judgment in its entirety. We conclude that Harper has failed to make a substantial showing of the denial of a constitutional right and, consequently, that there is no basis for the issuance of a certificate of appealability. An appropriate order follows.

BY THE COURT:

/s/ John R. Padova

John R. Padova, J.