IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIVIL ACTION NO. 10-1772 |
| | : | |
| v. | : | |
| | : | |
| MARCEL HARPER | : | CRIMINAL ACTION NO. 05-170-2 |

**<u>MEMORANDUM</u>**

**Padova, J.**                                                                                   **November 12, 2013**

Marcel Harper has filed a Motion for Relief From Judgment pursuant to Federal Rule of

Civil Procedure 60(b), asking that we vacate our Order denying his Motion to Vacate, Set Aside,

or Correct Sentence pursuant to 28 U.S.C. § 2255 so that he can assert a new claim based on

<u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013).  For the following reasons, the Motion is

dismissed.

## I.      BACKGROUND

On March 12, 2007, Harper was convicted by a jury of conspiracy to commit armed bank

robbery in violation of 18 U.S.C. § 371 (Count I); armed bank robbery, and aiding and abetting

the armed bank robbery, of the Artisans Bank in Wilmington, Delaware on April 14, 2004, in

violation of 18 U.S.C. §§ 2113(d) and 2 (Count II); use and carrying, and aiding and abetting the

use and carrying, of a firearm in connection with a crime of violence on April 14, 2004, in

violation of 18 U.S.C. §§ 924(c)(1) and 2 (Count III); armed bank robbery, and aiding and

abetting the armed bank robbery, of the Citizens Bank in Brookhaven, Pennsylvania on June 15,

2004, in violation of 18 U.S.C. §§ 2113(d) and 2 (Count IV); and use and carrying, and aiding

and abetting the use and carrying, of a firearm in connection with a crime of violence on June 15,

2004, in violation of 18 U.S.C. §§ 924(c)(1) and 2 (Count V).  Harper was sentenced on

November 14, 2007, to a term of imprisonment of 40 months on each of Counts I, II and IV, to

be served concurrently to each other and consecutively to all other counts; 84 months on Count III, to be served consecutively to all other counts; and 300 months on Count V, to be served consecutively to all other counts. Harper was also sentenced to three years of supervised release on Count I and five years of supervised release on each of Counts II through V, all terms to be served concurrently following his release from imprisonment; and to pay a special assessment of $500.00 and restitution in the amount of $99,089.75.

Harper appealed his judgment of conviction and sentence to the United States Court of Appeals for the Third Circuit on November 21, 2007. The Third Circuit affirmed Harper's judgment of conviction and sentence on December 3, 2008. See United States v. Harper, 314 F. App'x 478 (3d Cir. 2008). Harper subsequently filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. We denied that Motion on December 17, 2010. Harper next filed a Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e), asking that we reconsider our decision denying his § 2255 Motion. We denied that Motion on June 24, 2011. Harper sought leave from the Third Circuit to appeal the denial of his §2255 Motion. His request for a certificate of appeability was denied on September 28, 2011.

On September 9, 2013, Harper filed the instant Motion for Relief From Judgment pursuant to Federal Rule of Civil Procedure 60(b), asking that we vacate his conviction and sentence based on the decision of the Supreme Court in Alleyne. Like Harper, the petitioner in Alleyne, was charged with and convicted of using or carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1). Alleyne, 133 S. Ct. at 2156. Section 924(c)(1)(A) provides that:

> any person who, during and in relation to any crime of violence . . . for which the
> person may be prosecuted in a court of the United States, uses or carries a firearm,
> shall, in addition to the punishment provided for such crime of violence . . . (i) be

sentenced to a term of imprisonment of not less than 5 years; (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years . . . ."

18 U.S.C. § 924(c)(1)(A).[1]  Like Harper, the petitioner in <u>Alleyne</u> was sentenced to seven years of imprisonment on the § 924(c)(1) count.  <u>Alleyne</u>, 133 S. Ct. at 2156.  This sentence "reflected the mandatory minimum sentence for cases in which a firearm has been 'brandished.'"  <u>Id.</u> (quoting 18 U.S.C. § 924(c)(1)(A)(ii)).  The petitioner in <u>Alleyne</u> challenged his sentence on the § 924(c)(1)(A) count, arguing that, because the jury did not find that he had brandished the firearm, "raising his mandatory minimum sentence based on a sentencing judge's finding that he brandished a firearm would violate his Sixth Amendment right to a jury trial."  <u>Id.</u>  The Supreme Court agreed, overruling <u>United States v. Harris</u>, 536 U.S. 545 (2002), and holding that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." <u>Alleyne</u>, 133 S. Ct. at 2155.  In his Motion, Harper contends that his sentence is consequently invalid and that his conviction should be reopened so that he may be resentenced in accordance with <u>Alleyne</u>.

## II.   DISCUSSION

Federal Rule of Civil Procedure 60(b) allows the court to "relieve a party . . . from a final judgment" for a limited number of reasons, including "(6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).  However, "Rule 60(b) cannot be used as an independent means to relieve a defendant of a judgment in a criminal case, because the Federal Rules of Civil Procedure are not applicable to criminal cases."  <u>Gray v. United States</u>, 385 F. App'x 160, 162 (3d Cir. 2010); <u>see also</u> <u>United States v. Mosavi</u>, 138 F.3d 1365, 1366 (11th Cir. 1998) ("Rule 60(b) simply does not provide for relief from judgment in a criminal case . . . .").  "The appropriate vehicle for a

---

[1]Section 924(c)(1)(C) requires the imposition of a 25 year mandatory minimum term of imprisonment for a person who is being sentenced for a second or subsequent conviction for use of a firearm in relation to a crime of violence.  <u>See</u> 18 U.S.C. § 924(c)(1)(C).

criminal defendant seeking to challenge his or her conviction or sentence is a motion under 28 U.S.C. § 2255." Gray, 385 F. App'x at 162-63 (citing Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)).

Rule 60(b) may be used to obtain relief from a judgment denying a § 2255 Motion only if the Rule 60(b) motion attacks "some defect in the integrity of the federal habeas proceedings." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005). However, a Rule 60(b) motion that brings a new claim for relief from the court's judgment of conviction, such as a motion contending "that a subsequent change in substantive law is a reason justifying relief from the previous denial of a claim . . . is in substance a successive habeas petition and should be treated accordingly." Id. at 531 (internal quotation and citations omitted). See also Pelullo v. United States, 352 F. App'x 620, 625 (3d Cir. 2009) (stating that, to the extent a Rule 60(b) motion collaterally attacks the movant's conviction and sentence, "the motion is a 'second or successive' § 2255 motion." (citing Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004))); Pridgen, 380 F.3d at 727 ("[I]n those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.").

In the instant Motion, Harper asks that we vacate his judgment of conviction and resentence him based on a change in the substantive law. This is clearly a collateral attack on his conviction and sentence which can only be brought pursuant to 28 U.S.C. § 2255. See Gonzalez, 545 U.S. at 531. We cannot, however, simply construe his Motion as a § 2255 Motion. Since Harper has previously filed a motion pursuant to § 2255, "[b]efore presenting a second or

successive motion, [he] must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8." Rule 9, Rules Governing Section 2255 Proceedings. <u>See also</u> 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"); 28 U.S.C. § 2244(b)(3) (describing procedure for obtaining leave from the court of appeals to file a second or successive motion in the district court).

Harper did not seek authorization from the Third Circuit to file a second or successive motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255(h) prior to filing the instant Motion for Relief From Judgment. Therefore, we may not consider the instant Motion and it is dismissed.

## III. CONCLUSION

For the foregoing reasons, Harper's Motion for Relief From Judgment is dismissed.

BY THE COURT:

/s/ John R. Padova

_____

John R. Padova, J.